## LANSING B. WARNER, INC., v. LIVINGSTON.

1. INSURANCE—FOREIGN CORPORATION ACTING AS ATTORNEY FOR RECIPROCAL ASSOCIATION ENTITLED TO LICENSE.

Where every provision of Act No. 256, Pub. Acts 1917, pt. 5, chap. 2, § 10, authorizing voluntary associations to engage in reciprocal insurance, recognizing that the business can best be done by attorney in fact, and making the

acts of the attorney the acts of the principal, has been complied with by an association, its attorney, although a foreign corporation, is entitled to a license from the State insurance commissioner and to do said business in this State without qualifying under the general corporation act (Act No. 84, Pub. Acts 1921), in reference to foreign corporations doing business in this State.

2. SAME—EXCLUDED FROM GENERAL CORPORATION ACT.

A foreign corporation, acting as attorney in fact, for a voluntary association engaged in reciprocal insurance and licensed under special statute by the State commissioner of insurance, is expressly excluded from the provisions of the general corporation act (Act No. 84, Pub. Acts 1921, pt. 5, chap. 1, § 5) requiring foreign corporations to obtain a license to do business in this State.

3. SAME—CERTIFICATE FROM INSURANCE COMMISSIONER.

Under the special act (Act No. 256, Pub. Acts 1917, pt. 5, chap. 2, § 10) which governs the relative rights and duties of a voluntary association engaged in reciprocal insurance, its attorney in fact, through whom the business is conducted, and the State insurance commissioner, the certificate from the latter is authority to the association to carry on its business in this State and is also a license to its attorney in fact to represent it.

4. MANDAMUS—INSURANCE — CERTIFICATE FROM INSURANCE COMMISSIONER TO ATTORNEY OF RECIPROCAL ASSOCIATION.

Mandamus will issue, if necessary, to compel the State insurance commissioner to issue a license to the attorney in fact of a voluntary association engaged in reciprocal insurance in this State, where all of the provisions of the special statute (Act No. 256, Pub. Acts 1917, pt. 5, chap. 2, § 10) governing same have been complied with, although said attorney, a foreign corporation, has not qualified under the general corporation act (Act No. 84, Pub. Acts 1921).

Mandamus by Lansing B. Warner, Incorporated, and another to compel Charles D. Livingston, commissioner of insurance, to issue a certificate of authority under Comp. Laws Supp. 1922, § 9100 (308).     Submitted April 17, 1928.     (Calendar No. 33,571.)     Writ granted July 24, 1928.

*Knappen, Uhl & Bryant* (*Zane, Morse & Norman,* of counsel), for plaintiffs.

*Wilber M. Brucker,* Attorney General, and *Paul G. Eger,* Assistant Attorney General, for defendant.

McDONALD, J.   The plaintiffs have petitioned for a writ of mandamus to compel the defendant to issue a certificate of authority in accordance with section 10, chap. 2, pt. 5, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [308]).

The Canners' Exchange Subscribers is a voluntary association of individuals, partnerships, and corporations of Michigan, engaged in the canning business, authorized by statute to exchange reciprocal or inter-insurance contracts for the purpose of indemnifying each other against loss by fire and other hazards.   The headquarters of the plaintiff association is at Warner Inter-Insurance Bureau, in Chicago, Illinois.   The business connected with this plan of insurance is conducted for the association by its agent or attorney-in-fact, Lansing B. Warner, Inc., an Illinois corporation. The statute authorizing reciprocal insurance imposes various conditions which when complied with entitle the association to a certificate from the insurance commissioner showing that the law has been complied with and that the association is authorized to carry on its business in this State.   Under the provisions of the act, such certificates have been issued to this association annually for several years.   But in 1927 the commissioner refused to issue the certificate on the ground that the attorney-in-fact, Lansing B. Warner, Inc., a foreign corporation, had not been authorized to do business in this State as provided by Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053), whereupon the plaintiffs began this mandamus proceeding.

The facts of this case present but one question for

our consideration:   Is the attorney-in-fact required to qualify under Act No. 84, Pub. Acts 1921, in order to transact the association's business in this State? The members of the plaintiff association, designated in the statute as "subscribers," can carry on their inter-insurance business most conveniently through an agent. The statute recognizes this as a necessary part of their plan.   It provides that they may appoint an attorney to act for them and requires that a copy of the power of attorney shall be filed with the insurance commissioner showing that he is duly authorized to act as such.   It prescribes his duties, all of which involve the performance of work for the principal.   In every instance wherein it specifies what is required of the subscribers, it expressly says that it shall be performed by the attorney.   In other words, the statute itself makes every act of the attorney the act of its principal. All of its duties and the extent of its activities are completely covered by the statute.   It is doing, not its own business, but that of the subscribers who are required to pay for the privilege an annual fee of two per cent. of the gross premiums or deposits for the preceding calendar year.   As the subscribers and their attorney are authorized to carry on this business in Michigan, and have fully complied with the law relating thereto, it would seem that they are entitled to the certificate of authority without being compelled to meet any other conditions not imposed by the statute. It is not necessary for the attorney to qualify under the foreign corporation act for authority to transact this business in Michigan.

On this question the controlling facts have already been stated.   It is not here doing its own business but that of the subscribers who are authorized by special statute to conduct their affairs through a designated agent or attorney.   If these facts are not sufficient to exempt the agent from the operation of the

foreign corporation act, there is the further fact that, being engaged in the insurance business and operating under a special statute by license of the insurance commissioner, a foreign corporation, whether acting for itself or as attorney for another, is expressly excluded from the provisions of the general act. Section 5, chap. 1, pt. 5, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [168]), is as follows:

"The provisions of this chapter shall not be applicable to such foreign corporations as are permitted to do business in this State by license issued by the commissioner of insurance, according to the provisions of law. The term 'corporations' as used in this chapter shall be construed to include all associations, partnership associations," etc.

Under the special act which governs the relative rights and duties of the parties in this case, the certificate of authority from the insurance commissioner to the subscribers is authority to them to carry on a reciprocal insurance business in this State and is also a license to their attorney to represent them. The same act, pt. 2, chap. 2 (§ 9100 [66]), governs the admission of foreign insurance companies to do business in this State. The general corporation act is not applicable.

It is not necessary to discuss the question further. It is very clear that, having fully complied with the applicable statute, the plaintiffs are entitled to their certificate of authority. If necessary, the writ of mandamus will issue.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. POTTER, J., did not sit.